UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIN L. HEMINGWAY,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) NO. 3:11cv30096-KPN<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | )<br>)<br>)<br>) |

<u>ORDER</u>

The court grants the assented to motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), filed by Defendant, Michael J. Astrue, the Commissioner of Social Security ("Commissioner"). Under sentence four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing." See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296-97 (1993); <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 97-98 (1991).

Upon remand, a different administrative law judge be assigned and directed to further evaluate the plaintiff's medically determinable impairments, and, if needed, obtain physical and mental medical expert evidence to clarify the nature and severity of the impairments. The ALJ will also be directed to further consider the plaintiff's physical and mental residual functional capacity, providing reference to evidence of record in support of identified functional limitations. Further, if warranted by the

expanded record, the ALJ will obtain vocational expert evidence to clarify the plaintiff's ability to perform past relevant work, or other jobs existing in significant numbers in the national economy.

For these reasons, the court reverses the Commissioner's decision and remands this case to the Commissioner for further administrative proceedings.

So ordered this /2 day of March, 2012.

KENNETH P. NEIMAN
U.S. Magistrate Judge